IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD PARKER, | No. 4:23-CV-00234 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SCI-GREENE, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

MARCH 10, 2023

## I. BACKGROUND

On February 8, 2023, Richard Parker, an inmate confined in the Montgomery County Correctional Facility, Eagleville, Pennsylvania, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  The named Defendants are the Greene State Correctional Institution, Waynesburg, Pennsylvania ("SCI-Greene") and the Commonwealth of Pennsylvania.[2]  Subsequent to the filing of his complaint, the Plaintiff filed an application for leave to proceed *in forma pauperis*.[3]

Plaintiff claims that he accepted a guilty plea in the Philadelphia County Court of Common Pleas of "eight to eighteen years, with five years' probation" and "it will be concurrent to the sentence at CP No. 0108-0381, which the sentence

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 6.

remains the same."[4]  Plaintiff complains that although he "entered into custody on September 14, 2002 and his sentence of eighteen years" was to "end on September 14, 2020," his "maximum date does not read this instead it reads his eighteen year sentence ends on September 14, 2021," and he complains that he is still incarcerated.[5]  Therefore, it appears that Plaintiff is alleging that he is being incarcerated in excess of his maximum date of release.  Plaintiff makes no other allegations, other than seeking "$400.00 because [he] was infected with COVID-19 cause [his] cellie had it and [he] got infected."[6]

At this time, this Court must screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)[7] and 28 U.S.C. § 1915A(a) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit.  For the following reasons, the Plaintiff's Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[4] Doc. 1.
[5] Doc. 1-1 at 12.
[6] Doc. 1 at 3.
[7] Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis* under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## II.  DISCUSSION

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.[8]  However, when a prisoner challenges either the fact or duration of his confinement, the appropriate remedy is a petition for writ of habeas corpus.[9]  "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and then only if his detention were found to be unlawful.' "[10]

Given Parker's allegation regarding his detention past his maximum release date, the Court construes his claim to be one challenging the execution of his sentence.  Such claims by a state prisoner must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; they are not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983.[11]

---

[8]  *See Learner v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).
[9]  Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993).
[10] *Learner*, 288 F.3d at 540 (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).
[11] *See Preiser*, 411 U.S. at 488-89 (holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on the federal habeas corpus statute, which Congress specifically designed for that purpose, rather than the broad language of § 1983); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001) (noting that state prisoners who wish to challenge the execution of their sentence must proceed under § 2254).

Furthermore, the claim for money damages cannot proceed. Unless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil rights complaint cannot proceed as long as it calls into question the validity of the confinement. In *Heck v. Humphrey*,[12] the Supreme Court clarified the interplay between habeas and civil rights claims. The *Heck* Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[13] Additionally, as the Supreme Court explained in *Wilkinson v. Dotson*,[14]: "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration."

The Third Circuit summarized the holding of *Heck* as follows: "where success in a §1983 action would implicitly call into question the validity of

---

[12]  512 U.S. 477 (1994).
[13]  *Id*. at 486-87 (footnote omitted).
[14]  544 U.S. 74, 81-82 (2005) (emphasis in original).

conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence."[15]  In the case at bar, *Heck*'s favorable-termination rule applies because Parker's complaint calls into question the correct duration of his confinement.  As such, Parker's complaint fails to state a claim upon which relief may be granted and must be dismissed.  To the extent that Plaintiff wishes to challenge the validity of his underlying conviction, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Pennsylvania, which encompasses the Philadelphia County Court of Common Pleas, in which Plaintiff was convicted and sentenced.

Moreover, regarding Plaintiff's allegation that he contracted COVID-19 from his cellmate while confined at SCI-Greene, Parker's COVID-19 diagnosis alone is an insufficient basis upon which to establish a constitutional violation.[16] Parker has therefore failed to allege that the Defendants acted with deliberate

---

[15] *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).
[16] *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 330 (3d Cir. 2020) (explaining that the Constitution does not require the government to entirely eliminate risk of contracting COVID-19 in a correctional setting, stating "[plaintiffs] argue that the Government must eliminate entirely their risk of contracting COVID-19. That task is not the constitutional standard, however"). See also *Zuber v. Sorber,* No. 22-CV-3661, 2023 WL 144437, at *4 (E.D. Pa. Jan. 9, 2023) (concluding that plaintiff's allegation that his cellmate had COVID-19 was not sufficient to allege that prison officials were deliberately indifferent to plaintiff's health and safety). .

indifference in the manner in which they handled COVID-19 at the time Parker was incarcerated at SCI-Greene.[17]

## IV.  CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.[18]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[17] *See Muata v. Hicks*, No. 21-3210, 2022 WL 2526692, at *1 (3d Cir. July 7, 2022) ("Even if plaintiffs could show that defendants knew of the risk posed by COVID-19, despite its unprecedented and unpredictable nature, they have failed to allege that either defendant disregarded that risk when creating the prison's policies.").

[18] Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915e, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff's claims for relief are not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983, and instead must be brought as a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, granting leave to amend would be futile. Moreover, with respect to Plaintiff's Eighth Amendment claim based on SCI-Greene's failure to manage the spread of COVID-19, Plaintiff's dismissal is without prejudice. To the extent that Plaintiff seeks to pursue such a claim, he is free to file a complaint in the United States District Court for the Western District of Pennsylvania, where SCI-Greene and any involved Defendants would be located.